STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, APPELLEE, V. NEMAHA COUNTY BANK, APPELLEE: FIRST NATIONAL BANK, INTERVENER, APPELLANT.

FILED JULY 3, 1930. No. 27439.

*Edgar Ferneau* and *Hall, Cline & Williams,* for appellant.

*George W. Ayres, C. M. Skiles* and *I. D. Beynon, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Thompson and Eberly, JJ.

Goss, C. J.

This is an appeal by the First National Bank of Auburn, intervener, from a judgment of the district court for Nemaha county, in which the court held that intervener was entitled to the standing of a depositor only, refused to hold as a trust fund moneys of the Nemaha County Bank in the American National Bank of St. Joseph, Missouri, and directed intervener to release all claims thereto.

Most of the facts were stipulated. Both of the Nebraska banks were located at Auburn. They had a practice or custom of local clearances between them, by which the one in whose favor the clearance showed a balance would receive from the other a draft for that balance. On June 13, 1929, the clearance resulted in the delivery by the Nemaha County Bank to the intervener of a draft for $1,127.17, and on June 14, 1929, of a draft for $4,549.02. Both drafts were made in favor of intervener and were drawn on the American National Bank, where the drawer had ample funds on deposit (as well as other property) to meet them. Ordinarily they would have been accepted and paid promptly. The drafts reached the drawee on June 15 and were not paid for the reason the drawee had then been notified that the department of trade and commerce of the state of Nebraska had taken possession of the Nemaha County Bank on that day. At the time the drafts were given the

Nemaha County Bank was insolvent and later, on August 12, 1929, a receiver was duly appointed. On July 6, 1929, appellant filed an action in the circuit court of Buchanan county, Missouri, against the American National Bank to impress upon the funds and property of the Nemaha County Bank, in the hands of that defendant, a trust to satisfy the drafts heretofore described. The receiver of the Nemaha County Bank intervened therein, participated in the trial and submitted briefs. The issues there were the same as here. While the stipulation of part of the facts made early in the trial herein recites that, at the time of the trial of the case before us, the Missouri action was under consideration by the circuit court of Missouri, it was later shown in the evidence, in support of a reply filed by the First National Bank on January 18, 1930, that the circuit court of Missouri on January 16, 1930, rendered judgment in favor of the First National Bank of Auburn. It was stated in the oral argument before us that an appeal would be prosecuted in the Missouri courts.

The judgment for review here was rendered in the district court January 18, 1930. The receiver had classified the claims of the First National Bank as ranking with depositors. The claimant then pleaded, by its petition in intervention, the facts relating to the issuance, presentation and effect of the drafts, pleaded the fact of bringing suit in Missouri thereon to impose a trust, pleaded the laws of Missouri and that, under the laws and decisions of that state, the funds held by the Missouri bank were impressed with a trust in favor of the claim, and pleaded that, in view of the fact that the Missouri action would probably not be disposed of before the time for filing claims would expire, it had filed its claim herein without prejudice to its right to maintain and prosecute its action pending in Missouri. The prayer was that the district court adjudge the funds and property held by the American National Bank to be impressed with a trust to the extent of the drafts in favor of intervener, and that the receiver hold the cash and securities, if and when received by him, in trust, and that intervener be paid therefrom, as a trust or preferred claim, be-

fore the claims of depositors, and for such relief as intervener is entitled to receive. Issues were joined and trial had. But the district court sustained the classifications of the receiver and allowed the claim as for a deposit, to share with all other *bona fide* depositors in the assets, disallowed the claim as a trust fund, and directed the appellant to release and discharge all legal proceedings, judgments or claims for trust funds against assets of the Nemaha County Bank in possession of the American National Bank or elsewhere. A motion for new trial was duly made and overruled by the district court.

In his answer to the petition of intervention the receiver prayed that the intervener be enjoined from further prosecuting the action pending in the circuit court of Buchanan county, Missouri. In the decree the district court found that the intervener is solvent and that the receiver is not entitled to an injunction as prayed.

Various questions are raised in the record and discussed in the briefs which might in other circumstances require decision here. But in the unusual situation here involved we shall take up only those which we think proper to be decided in the case as it now appears before us for review.

The record contains a copy of the petition and of the final judgment of the circuit court of Buchanan county, Missouri, duly certified according to the act of congress and received in evidence on the trial. The title of the judgment shows that the receiver of the Nemaha County Bank was a party interpleader. The text of the judgment recites that the receiver voluntarily entered his appearance and interpleaded. The court made extended findings of fact and of law and directed the American National Bank of St. Joseph, Missouri, defendant, to pay to the First National Bank of Auburn, plaintiff, the amounts found due on the drafts and to take credit therefor in final settlement between said defendant and said interpleader.

It is urged by the appellant that the district court of Nemaha county erred in failing to give to the judgment of the Missouri court that full faith and credit required under section 1, art. IV of the Constitution of the United States,

which provides: "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state."

Two days before the judgment was entered in the district court for Nemaha county, the circuit court in Missouri, a court of general jurisdiction, having previously heard the evidence and taken it under consideration, decreed that the assets of the Nemaha County Bank, in the hands of the American National Bank of St. Joseph, were impressed with a trust to pay the said drafts drawn upon it and rendered judgment in favor of the First National Bank of Auburn thereon. The receiver of the Nemaha County Bank was a voluntary party thereto, invoking the jurisdiction of the court and asserting his paramount right to this fund as a part of the assets of the bank whose official representative he was by judicial appointment of the district court for Nemaha county. The Missouri court had jurisdiction of the subject-matter and of the parties. The judgment is in no way impeached for fraud or irregularity. If the receiver had won there he would not have complained. Having lost, he is, so far as the record before us is concerned, concluded, unless he can obtain, either in the circuit court or in an appellate court of Missouri, a modification or reversal of the judgment.

It has long been the general rule in this state in relation to the office of a foreign judgment that "The judgment of a state court duly authenticated, as prescribed by act of congress, is conclusive upon the merits or subject-matter of the suit." *Eaton v. Hasty,* 6 Neb. 419. While the district court in the instant case admitted the judicial records from the Missouri court in evidence, we are of the opinion that it did not give them that faith and credit required by the mandate of the federal Constitution. It is true that the court did not in terms say, in the final judgment appealed from, that the claim which it allowed in favor of appellant as a holder of exchange "to share with all other *bona fide* depositors in the assets of said bank" would be unpaid except on condition that appellant release all claims to any trust in the assets. But the order of allowance was coupled

with the specific order, immediately following it, that "said intervener shall forthwith dismiss, release and discharge all or any attachments, garnishments, judgments, processes or claims for trust funds against the funds and assets of the Nemaha County Bank now in possession of the American National Bank of St. Joseph, Missouri, or elsewhere, and that the said intervener forthwith release and relinquish all claim to said securities and funds in so far as they may have possession of the same, and deliver and surrender possession of said securities and funds to the receiver of the Nemaha County Bank of Auburn, Nebraska."

The intervener, however, cannot have a claim both upon the assets in Missouri and upon the assets in Nebraska as a trust fund to satisfy the amounts due upon its draft transactions with the Nemaha County Bank. Having first pursued its remedy in the Missouri courts to a final judgment, it is not entitled in the district court for Nemaha county to more than an allowance of its claim as if it were a *bona fide* depositor in the bank. If the receiver succeed in reversing the judgment of the Missouri court and in obtaining the assets in the hands of the American National Bank upon which the intervener claims a trust to the extent of its drafts (but to all of which assets the receiver claims unqualified title), then no inequity will have been done the intervener here by allowing his claim as a holder of exchange and ranking with depositors. The intervener, however, can have but one satisfaction of its two judgments. If it collect its judgment in the Missouri court, that will satisfy the judgment in the Nemaha county district court. If it ultimately fail to enforce a judgment in the action in the Missouri court, then it will have equality with the depositors in the district court here.

Because both the intervener and the receiver have voluntarily submitted most of the matters in controversy to the Missouri court in the action there and have a judgment at present final, we have expressly refrained from discussing many of the questions ably presented in the briefs. For example, we have not discussed the legal effect of the drafts drawn in Nebraska and payable in Missouri and whether

the law and decisions of Nebraska or Missouri govern; of our statutes turning over assets of an insolvent state bank to the department of trade and commerce and to a receiver of such a bank; and whether, in the circumstances, we would have held that the intervener had an equitable assignment of the funds in the Missouri bank and consequently an enforceable lien thereon to the extent of the drafts, though, subject thereto, the receiver had title to such assets.

For the reasons stated, the judgment of the district court is directed to be modified by eliminating therefrom the findings and order requiring intervener, the First National Bank, appellant herein, to release its claims against the assets in the hands of the American National Bank of St. Joseph, Missouri; and to be further modified by providing that, as to the general claim of intervener, it shall be allowed but one satisfaction of the debt on which the judgment allowing the claim is based. As so modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.